Geoghegan, J.
The plaintiff is the owner of a lot of land- at the corner of Buxton avenue and Turrill avenue in the city of Norwood, and she seeks to enjoin the collection of certain .assessments for the improvement of Turrill avenue levied against her property by the municipal corporation defendant herein. She complains that she received no notice of the sidewalk improvement. She is a non-resident of the city of Norwood.
It appears that the city of Norwood on July 7, 1913, passed a resolution declaring it necessary to improve Turrill avenue from Buxton .avenue to the eastern terminus of Turrill avenue, by grading, macadamizing, sodding the space between the sidewalks and the macadam, and constructing necessary cross-walks, culverts and drains, catch basins, sanitary sewers and artificial sidewalks on both sides of said street; and on the same day. the *438 city council passed an ordinance declaring the necessity of and ordering the construction of artificial stone sidewalks and concrete steps on the south side of Turrill avenue from Buxton avenue to the eastern terminus.
It will be observed that both of these ordinances, the captions of which are only stated in substance, provide for the construction of artificial stone sidewalks. The first one is a general assessing ordinance; the second one proceeds under Section 3854, General Code, which requires the clerk of council to cause a written notice to be served upon the owners of land abounding and abutting on said proposed improvement, and provides further, that if said sidewalk is not constructed within fifteen days from the service of notice the director of public service be authorized to proceed to construct said sidewalk and assess the expense against the owner.
From the evidence I am satisfied that no service of said second ordinance was ever made upon the owner of this property, the plaintiff herein. The clerk of council is able to furnish satisfactory evidence of the service of the first ordinance, but is not able to furnish any evidence other than a statement that all things were done as required by law as to the second ordinance. Mrs. Hunt denies receiving any notice of the second ordinance.
A sidewalk improvement must be made under legislation which renders it distinct and separate from a street improvement, and under the rule laid down in Hunt v. Hunter et al, 11 C. C., 69, and Schmidt v. Elmwood Place, 15 C. C., 351, the sidewalk assessment herein must be enjoined for the failure to serve notice as required by law.
The only other question remaining in the case is as to whether or not the amount of the assessments other than the sidewalk levied against this property exceeded its special benefits. Mr. Moessinger, who testified, said that the benefit accruing to the property by reason of the street improvement was $100. Mr. Leininger, who testified for the city of Norwood, testified that the entire benefit both from street and sidewalk was $700, but he did not attempt to separate the benefit accruing by reason of the sidewalk from the benefit accruing by reason of the street im *439 provement, and his testimony is somewhat confusing as to whether he means that the $700 is the special benefit accruing by reason of the improvements, or that he includes in that sum an enhancement in value caused by general neighborhood conditions since this improvement was made.
However, after viewing the property and considering all the evidence and circumstances of the case, I consider the sum of $250 as a fair sum to assess for the benefit accruing to this property, and therefore an order will be made enjoining the assess^ ments sought herein, except as to the street improvement, which will be limited to $300.